Good morning, everyone, and thank you very much for your consideration in the oral arguments this morning. We're very happy to be back in person with everyone. And so as we have the introduction of the first case, on the call of the docket this morning is Agenda No. 1, 124797, People of the State of Illinois v. Alejandro Reveles-Cordova. Mr. Brian William Carroll is the appellant. Mr. Carroll, you may begin. On your honors, may it please the court, counsel, Mr. Reveles-Cordova is simply asking for this court to continue to apply the one act, one crime doctrine as it has been applied for decades, and to hold that criminal sexual assault is an included offense of only the defendant. Mr. Carroll, could you speak as loud as you can? Oh, sorry. I'll take my mask off. Okay. If that's better. Mr. Convote, Reveles-Cordova is simply asking this court to apply the one act, one crime doctrine as it has been applied for decades, and hold that criminal sexual assault is an included offense of home invasion predicated on criminal sexual assault under the abstract elements test. Now, the principle behind the one act, one crime doctrine is that people generally shouldn't be punished multiple times for the same conduct. And pursuant to that principle, this court has consistently held that a predicate felony is an included offense of the overlying felony. Now, almost 40 years ago, this court held that the predicate to armed violence is a necessary included offense because it is impossible to commit armed violence without committing the underlying offense. This court stated that the charging of the specific predicate felony made that felony a necessary included offense under the elements test. This court also noted that if the legislature wanted a different result, it would have said so in the language of the statute. This court went on to apply the same reasoning to first degree murder, holding that a person could not be both convicted and sentenced on felony murder and the predicate felony for felony murder. And in Miller itself, this court cited as an example of the application of the elements test, a case that held that the predicate to felony murder is an included offense of felony murder, even though felony murder can in theory be committed by committing any number of underlying felonies. And this is also completely consistent with how the United States Supreme Court has stated the elements test should be applied, as it's stated in Wayland. Now, if the legislature thought differently and wanted predicate offenses to be separately sentenced, it would have amended the criminal code to state so, but it hasn't. And the fact that the legislature had amended the armed violence statute to provide for separate sentences for just a small number of listed predicate offenses demonstrates that the legislature otherwise intended predicate felonies not to receive separate sentences. Now, the interpretation of the elements test promoted by the state and the Boucher line of appellate decisions is inconsistent with the principles of the one act, one crime doctrine, because it guarantees that people will be given multiple punishments for the same conduct. Under the state's promoted theory, no predicate offense could ever be an included offense. So to adopt that position would require overturning decades of Illinois precedent and to be contrary to the intent of the legislature. And that position has been, was explicitly rejected by the United States Supreme Court in Wayland. And in Miller, this court stated that it intended the abstract elements test to be consistent with the same elements test used by the U.S. Supreme Court in double jeopardy cases. In contrary to the state's claim, Mr. Rivela's Cordova is not asking this court to reapply the charging instruments approach. We are not asking this court to look to the charged facts. We don't, we're not asking this court to see how to consider how he allegedly committed the criminal sexual assault, just that he was charged with criminal sexual assault. On turning to the home invasion statute itself, the legislature was well aware of how predicate felonies were treated under Illinois law at the time that the home invasion statute was amended to include criminal sexual assault as a predicate. And if the legislature wanted the predicate felonies or predicate offenses to be treated differently than those of armed violence and felony murder, it would have said so in the language of the statute. And the legislature knows how to do this. Again, looking at the armed violence statute, it specifically wrote out in the language of the statute that, which offenses it wanted to have consistent or consistent with criminal sexual assault. Now, the state's argument that it was the legislature's intent to, for the predicates of home invasion to have separate sentences don't have any merit. And the court, or the state, notes that home invasion doesn't necessarily have a higher sentence than criminal sexual assault. But, you know, this court rejected that argument years ago, holding that the fact that armed violence is predicated on rape doesn't necessarily have a higher sentence than the underlying rape is not a clear indication that the legislature wanted separate sentences. In addition, in those, the times where criminal sexual assault could have a higher sentence than home invasion are very few. And in those situations, the prosecution could always just pursue similar sentences. It could charge simply the criminal sexual assault, or it can charge home invasion under other subsections, such as subsection charging someone with breaking into someone's house and causing an injury. In that situation, you could get both the home invasion and the criminal sexual assault. The state also tries to distinguish felony murder on grounds that felony murder incorporates the mental state of the predicate felony. However, that's not a distinguishing feature. Home invasion completely incorporates the mental state for criminal sexual assault. You can't commit home invasion predicated on criminal sexual assault without committing criminal sexual assault. And you can't commit criminal sexual assault without having the requisite mental state. Therefore, in order to prove home invasion predicated on criminal sexual assault, you have to have the mental state for the criminal sexual assault. Finally, the state argues that because Section 5-8-4 of the Court of Corrections provides that criminal sexual assault should get a consecutive sentence, 5-8-4 does not override the one-act-during-a-crime provision. This Court in Rodriguez held that King still applies to felonies that are subject to mandatory consecutive sentences under the Court of Corrections. When you indicated that the state could proceed, if it wished to, could proceed solely on the criminal sexual assault if it had a greater penalty than then charge home invasion with a different predicate, would that include charging a different section of 12-13 or 12-14 or 12-15, if the facts allowed that? Yes. Again, going back to the consecutive sentences, first-degree murder is also subject to mandatory consecutive sentences under Section 5-8-4, yet this Court has consistently held that the predicate to felony murder cannot get a separate sentence. So, Mr. Cordova is simply asking this Court to treat home invasion as it has treated harm, violence, and felony murder for years and hold that the predicate felony of home invasion is an included offense, and therefore it's not subject to separate sentencing, unless this Court has it. I have a quick question. If your client had a prior criminal sexual assault, would the criminal sexual assault charged here be a lesser-included offense, or would it not be a lesser-included offense? Well, it would be an included offense. Section 2-9 of the Criminal Code, lesser-included offense in that case means lesser elements or a lesser mental culpability. It doesn't talk about relative punishments, so it would still be an included offense. But while, you know, the sentence would be higher in that case, and it would mandate a life sentence, it would still be an included offense. But again, it wouldn't be a lesser-included offense in terms of punishment, but it would still be a lesser-included offense in the sense that it requires fewer elements to be proved than home invasion. And I think that's a sort of a different question, like whether something's a lesser-included offense in terms of elements and a lesser-included offense in terms of punishment. So the fact that it's, there are a few cases, a few instances where it's possible for a criminal sexual assault to have a higher sentence, that does not change the fact that it's still an included offense of home invasion. So unless the Court has any further questions, I'll reserve the rest of my time for rebuttal. Thank you. Thank you. Mr. Fisher. Thank you. Good morning, Your Honors. Counselor, may it please the Court, Assistant Attorney General Garson Fisher for the people. Your Honor, I'd like to start by addressing your question and clarifying that, yes, under defendant's position, a recidivist sex offender who had committed a second criminal sexual assault would not be, could not be sentenced for that additional, for that second home invasion. Criminal sexual assault under his theory of the application of the lesser-included offense abstract elements test. And that's why, generally speaking, though defendant denies it, his argument asks this Court to return to the charging instrument and reasoning that the Court rejected in Miller. The Court adopted the abstract elements test in Miller to ensure that defendants were held liable for the full measure of their criminal conduct. It's a very formulaic approach. Is it practically or theoretically impossible to commit one crime without committing the second? You can commit home invasion by entering someone's home without authorization and threatening them with a knife. No criminal sexual assault, even if we focus the analysis purely on subsection A6 of the home invasion statute. You can commit home invasion under A6 by entering someone's home without authorization and committing any of the other enumerated offenses. The question here is really how finely are we going to slice the statute? And the only way to slice home invasion thin enough that criminal sexual assault is a lesser-included offense is to cut it off. The only way to do that is to look solely at the charging instrument and the offense as charged. This Court rejected that approach in Miller. As it said in Miller, when the General Assembly has passed two statutes criminalizing multiple criminal acts, even where committed in the course of a single course of criminal conduct, if the General Assembly didn't want the defendant held liable for both of those criminal violations, it could have said so. Counsel, you talk about how finely we're going to slice the statute, but counsel's argument is that you're not slicing the statute at all and that there will be no lesser-included offenses ever again. Well, I disagree with that, Your Honor. For example, in our brief, we talked about the, I believe it's aggravated battery with a firearm and armed robbery under subsection A4 of the armed robbery statute. And this Court's already held that the different subsections of armed robbery are entirely separate offenses. There's an example where the elements of one offense are the use of a firearm inflicting injury and the second, the use of a firearm inflicting injury and the taking, obviously the elements are wholly contained. You can't commit subsection A4 armed robbery without committing the other offense. This is different. Here it's possible to commit one offense without committing the other one. And the analogies to armed violence and felony murder that defendant relies on are not persuasive for a few reasons. First off, those cases do predate Miller, and if you look at the approach the Court takes in those cases, it's very different than the approach that the Court adopts in Miller. Felony murder is a unique crime, and it presents unique concerns that this Court has addressed repeatedly because the state is substituting the mens rea element of the predicate felony for the ordinary requirement in first degree murder that approve knowledge or intent. It's not just that the elements of the predicate felony have to be proven in felony murder. It totally supplants any felonious purpose to the killing in felony murder. Similarly, when this Court talked about armed violence in Donaldson, it discussed it as a single act. I think for many purposes, possession of a firearm would be viewed as a second act by this Court, but the discussion in Donaldson focused on the idea that it's a single act. It's really just an aggravated or enhanced version of the underlying felony. The aggravated felony is a single act, and the extent to which it's a single act is not very different. The gravehangment of home invasion is the unauthorized entry into someone's home, and then you can do any number of things once you've broken into that person's home to complete home invasion. One of those things is committing a criminal sexual assault. But if you look at the elements of the statute, again, even if we focus on subsection A6, and the State's position is that it would be better to look at the statute as a whole, but this case doesn't even require the Court to look at the statute as a whole. You can't answer that question, because even under subsection A6, you can complete the home invasion without committing a criminal sexual assault. It's also noteworthy that after the Court decided that the predicate felonies for armed violence were all lesser-included offenses, the General Assembly turned around and said, no, in many cases we do intend for the defendant to be held criminally liable for both offenses. And at the time it added subsection A6 to home invasion, the mandatory consecutive sentencing statute already made clear that the General Assembly intended, in every circumstance where someone commits a criminal sexual assault, that they face a separate consecutive sentence for that criminal sexual assault. As Your Honor's question illustrates, adopting the test of home invasion is not the right thing to do. And that's the way that defendant would create a situation where someone who, a recidivist sex offender who commits a home invasion and then commits a criminal sexual assault during the home invasion, would face only the class X home invasion sentence, as opposed to a consecutive sentence of up to 60 years in addition to that. So it would entirely thwart the legislative intent to hold defendants liable for the full measure of their criminal conduct, and that's exactly what happened. And that's exactly why this Court adopted the strictest test, the abstract elements test, in Miller. And again, it's a very formulaic test, and the application of it here makes clear that it is possible to commit home invasion without committing criminal sexual assault. And because defendant concedes that there were multiple acts involved here, that completes the Court's analysis and makes clear that criminal sexual assault is not a lesser-included offense. But, Mr. Fisher, retail theft was at issue in Miller, and there were eight different ways to commit it. We looked at the specific subsection which tracked the language in the indictment to evaluate whether it was a lesser-included offense. Why shouldn't we do the same here? Even if Your Honors do look at the specific subsection of home invasion, there are, I believe, six different ways to complete subsection A6. There are six different enumerated offenses that can complete a subsection A6 home invasion. So even if the Court focuses its analysis on subsection A6, it's still possible to violate that subsection of home invasion without committing a criminal sexual assault. One of the differences between armed violence and the home invasion statute is something that the Court talked about in Miller in the context of the burglary and retail theft, that there are separate criminal purposes, there are separate mens rea elements, that you've intentionally broken into someone's home without authorization, thinking they're home, and that's really the gravamen of the home invasion. And then you've committed this separate crime with its own felonious purpose, with its own mens rea, and it's a crime that the General Assembly has to deal with. So to slice the statute as thinly as defendant does, which again requires not just looking at the subsection of the statute, but the actual charging instrument, would bring us right back to the problem that Miller identified and corrected by abandoning the charging instrument approach. It would thwart the General Assembly's intent here. Unless your honors have any further questions, people ask that it affirm the decision of the appellate court. Thank you, your honors. Mr. Carroll. Thank you, your honors. Shortly, your honors, when this Court adopted the abstract elements test in Miller, it wasn't adopting a new abstract elements test. It said it was adopting the abstract elements test, which was the equivalent to the same elements test as the United States Supreme Court uses. In the United States Supreme Court element test, you look at the actual predicate felony, not just... You have to look at the actual predicate felony charge to determine whether the predicate is an included offense. And to the state's charge that felony murder is different, in Wayland, the United States Supreme Court stated that for the purpose of the element test, felony murder should not be treated any differently than any other case where one offense, where the elements of one offense are incorporated into another, or incorporated by another offense. And the adoption, or the use of the abstract elements test in Wayland is exactly how this Court has applied the abstract element test for decades in the state, and I know that Cordova is asking this Court to continue to do so. In addition, while this state argues that felony murder is somehow different, and that's why the predicate is not given a separate sentence, it doesn't state a single case that actually states that. Again, what makes the predicate an included offense is the fact that it's a felony. The underlying offense is that the overlying offense includes all of the underlying, all of the elements of the underlying offense. And again, back to the consecutive sentence argument. This Court already argued, or already held in Rodriguez, that the one act, one crime doctrine is set forth in Kane. And it also applies to offenses that are subject to consecutive sentences under subsection 5-8.4 of the criminal code. So there's no reason why the legislature would have thought that the fact that section 5-8.4 mandates consecutive sentences for criminal sexual assault, that that would somehow override the one act, one crime doctrine. As it has been known in Illinois for years. So unless this Court has any other questions, I just ask that this Court reverse the appellate court and hold that criminal sexual assault is an included offense, and it's not subject to a separate sentence. Thank you. Thank you, Mr. Carroll. Case number 124797, People of the State of Illinois v. Alejandro Rivelas-Gordova, as known as agenda number one, will be taken under advisement. Thank you, Mr. Carroll and Mr. Fisherbee.